# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2328 | **DATE** | 8/12/2003 |
| **CASE TITLE** | STATE STREET BANK AND TRUST CO vs. UAL CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. State Street Bank & Trust Company's appeal of the Trading Suspension Order is moot; and therefore, this appeal is dismissed. Status hearing set for 8/14/03 is stricken. Motion of UAL Corporation's motion to dismiss State Street Bank And Trust Company's appeal due to mootness is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 18 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

STATE STREET BANK AND TRUST COMPANY, )
)
Appellant, )
)
v. ) Case No. 03 C 2328
)
) Honorable John W. Darrah
UAL CORPORATION, )
)
Appellee. )

**DOCKETED**
**AUG 1 8 2003**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an order of the bankruptcy court on February 21, 2003, by State Street Bank and Trust Company ("State Street"). For the reasons that follow, this appeal is dismissed.

## BACKGROUND

On December 9, 2002, United Airlines and certain of its affiliates (collectively "United") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, which were consolidated by the bankruptcy court.

State Street is the trustee of United's Employee Stock Ownership Plan ("ESOP"). State Street had announced its intent to sell all shares held by the ESOP. On December 9, 2002, United moved, pursuant to 11 U.S.C. §§ 105(a), 362(a)(3), and 541, to enjoin State Street from selling any shares held by the ESOP ("the Trading Suspension Motion"), arguing that sale of those shares by State Street would cause United's bankruptcy estate to lose a multi-billion dollar "net operating loss" ("NOL") tax benefit asset under then applicable Internal Revenue Service ("IRS") regulations. Under the Internal Revenue Code ("the Tax Code"), NOLs that accumulate before the completion



of the bankruptcy reorganization may be used to offset future taxable income. *See* 26 U.S.C. § 382. However, under § 382 of the Tax Code, United would have lost its NOLs if an "ownership change" occurred prior to completion of the reorganization. *See* 26 U.S.C. § 382. Because, at times, the ESOP trust held more than 50% of United's stock, United feared that further sales by State Street would trigger an "ownership change". Currently, the ESOP trust holds 15,948,257.41 shares of United's Common Stock.

On December 11, 2002, after an initial hearing on the Trading Suspension Motion, the bankruptcy court entered an interim order restricting sales of certain equity positions and claims pending resolution of the Trading Suspension Motion, reasoning that there was a significant risk of loss of the NOLs while the bankruptcy court considered the Trading Suspension Motion, and set the matter for further hearing on December 30, 2002.

On February 24, 2003, after two evidentiary hearings at which the bankruptcy court heard argument by the parties and briefing by the parties, the bankruptcy court granted the Trading Suspension Motion, enjoining State Street from transferring shares of United stock held by the ESOP. On February 28, 2003, State Street appealed the bankruptcy court's ruling to this Court, raising the following issues for review:

> 1. Whether the Bankruptcy Judge had the judicial power to enjoin State Street from selling, in the exercise of its fiduciary duties as trustee and investment manager for the U[nited] Corporation Employee Stock Ownership Plan, common stock of U[nited] held in the ESOP trust.
> 2. Whether (assuming *argumendo* the existence of such judicial power), U[nited] met its burden of establishing the evidentiary basis required for the issuance of such an injunction.
> 3. Whether, given the circumstances of the case, including the absence of payment equal to the market value of the stock held in the ESOP trust or of any other provision for adequate protection of the

> ESOP participants' interest in the stock, the issuance of such an injunction constituted a taking of private property for a non-public purpose and without just compensation, in violation of the Fifth Amendment to the Constitution.

(State Street's Opening Br. at 3.) State Street requests that this Court vacate the Trading Suspension Order "to the extent it prevents State Street from disposing of the balance of the stock held in the ESOP trust . . . ." (*Id.* at 46.)

On January 10, 2003, while the issue was pending in the bankruptcy court, United requested a private letter ruling from the IRS on the issue of whether sales by State Street would cause an "ownership change" under § 382. In March 2003, the IRS concluded that sales by State Street of the ESOP's stock would cause an "ownership change" under § 382 that would cause United to lose its NOLs. However, the IRS notified United that the IRS was willing to consider amending the applicable regulations on an expedited basis so that State Street could distribute United shares to ESOP participants, who would then be able to sell their shares on an individual basis without affecting United's NOLs.

In May 2003, United's Board of Directors passed a resolution that, if the IRS regulations were amended, the ESOP would be terminated and all shares held by the ESOP would be distributed to the individual ESOP participants ("the Resolution").

On June 27, 2003, the IRS issued the following regulation:

> [I]f a qualified trust distributes an ownership interest in an entity, then [for purposes of determining whether an "ownership change" has occurred], the distributed ownership interest will be treated as having been acquired by the distributee on the date and in the manner acquired by the trust. Furthermore, the distribution itself does not give rise to a testing date. Because the rule applies only for testing dates on or after the date of the distribution, a distribution does not retroactively cause (or undo) an owner shift that would (or would not)

have occurred if the distributee had actually acquired the ownership interest on the date and in the manner acquired by the qualified trust.[1]

United has filed a motion to dismiss State Street's appeal as now moot because: (1) pursuant to the Resolution and the new IRS regulation, the ESOP is terminated; and (2) on July 2, 2003, State Street notified United of its intent to distribute all 15,948,257 shares held by the ESOP in connection with the ESOP's termination. State Street has not responded to this motion.

## ANALYSIS

Cases are moot when there is no live case or controversy. *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). There must be a live case or controversy from beginning of the suit to the end. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1999). "If a case becomes moot while on appeal, this [C]ourt loses its jurisdiction to decide the merits of the action." *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Nathan R.*, 199 F.3d 377, 380-81 (7th Cir. 2000).

State Street has received the specific relief prayed for, namely, the capacity to dispose of the balance of the stock held in the ESOP trust. Any such ruling by this Court "would have no impact on the parties to this suit or" on State Street's ability to transfer the stock held in the ESOP trust. *Tobin for Governor*, 268 F.3d at 528. Therefore, the appeal is dismissed as moot.

---

[1] Distributions of Interests in a Loss Corporation from Qualified Trusts, 68 Fed. Reg. 38177 (to be codified at 26 C.F.R. § 1.382-10T).

## CONCLUSION

Based on the foregoing, State Street Bank & Trust Company's appeal of the Trading Suspension Order is moot; and, therefore, this appeal is dismissed.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: August 12, 2003