Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2328 | **DATE** | 11/13/2003 |
| **CASE TITLE** | State Street Bank & Trust vs. UAL Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, motion by State Street Bank for a rehearing [19-1] is granted. Enter Memorandum Opinion and Order. Status hearing set for 1/8/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 1 4 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
NOV 1 4 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE STREET BANK AND TRUST COMPANY, ) ) ) | |
| Appellant, ) ) | Case No. 03 C 2328 |
| v. ) ) | Honorable John W. Darrah |
| UAL CORPORATION, ) ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an order of the bankruptcy court on February 21, 2003, by State Street Bank and Trust Company ("State Street"). Now before the Court is State Street's Motion for Rehearing. For the reasons that follow, this motion is granted.

## BACKGROUND

On December 9, 2002, United Airlines and certain of its affiliates (collectively "United") filed voluntary petitions under Chapter 11 of Title 11 of the United States Code which were consolidated by the bankruptcy court.

State Street is the trustee of United's Employee Stock Ownership Plan ("ESOP"). State Street had announced its intent to sell all shares held by the ESOP. On December 9, 2002, United moved, pursuant to 11 U.S.C. §§ 105(a), 362(a)(3), and 541, to enjoin State Street from selling any shares held by the ESOP, arguing that the sale of those shares by State Street would cause United's bankruptcy estate to lose a multi-billion dollar "net operating loss" ("NOL") tax benefit asset under then-applicable Internal Revenue Service ("IRS") regulations. Because, at

times, the ESOP trust held more than 50% of United's stock, United feared that further sales by State Street would trigger an "ownership change."

On December 11, 2002, after an initial hearing on the Trading Suspension Motion, the bankruptcy court entered an interim order restricting sales of certain equity positions and claims pending resolution of the Trading Suspension Motion, reasoning that there was a significant risk of loss of the NOLs while the bankruptcy court considered the Trading Suspension Motion, and set the matter for further hearing on December 30, 2002.

On February 24, 2003, the bankruptcy court enjoined State Street from transferring shares of United stock held by the ESOP. United was not required to post an injunction bond for the trading suspension order. On February 28, 2003, State Street appealed the bankruptcy court's ruling to this Court.

United filed a motion to dismiss State Street's appeal as moot because the issuance of a favorable IRS regulation preserved the NOLs which caused State Street to notify United of its intent to distribute all 15,948,257 shares held by the ESOP in connection with the ESOP termination. On August 18, 2003, the Court then granted United's motion and dismissed State Street's Appeal of the injunction as moot.[1] Because of a docketing error, State Street's response to United's motion to dismiss was not considered. Accordingly, State Street filed this Motion to Reconsider.

---

[1] This order contains a complete statement of the facts leading up to the appeal and the dismissal.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (*Cosgrove*). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

## ANALYSIS

In its response to United's Motion to Dismiss the Appeal as moot, State Street argued that it could still receive restitution, in the absence of an injunction bond, if the trading suspension injunction was erroneously entered. Failure to consider State Street's response at this time would amount to a patent error. Therefore, State Street's Motion for Rehearing is granted.

Cases are moot when there is no live case or controversy. *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). There must be a live case or controversy from beginning of the suit to the end. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1999). "If a case becomes moot while on appeal, this [C]ourt loses its jurisdiction to decide the merits of the

action." *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Nathan R.*, 199 F.3d 377, 380-81 (7th Cir. 2000).

State Street has received the specific relief prayed for, namely, the capacity to dispose of the balance of the stock held in the ESOP trust. However, State Street argues that it is still entitled to restitution if the trading suspension injunction was erroneously entered; and, therefore, that ruling must be reviewed by this Court. State Street could not obtain damages from an injunction bond because, under Bankruptcy Rule 7065, United was not required to post an injunction bond.

Generally, an injunction "bond is the limit of *damages* the defendant can obtain for a wrongful injunction, even from the plaintiff, provided the plaintiff was acting in good faith." *Coyne-Delaney Co. v. Capital Dev. Bd.*, 717 F.2d 385, 393 (7th Cir. 1983) (citation omitted). However, parties injured by an erroneously entered injunction may receive restitution. *Texaco Puerto Rico, Inc., v. Dep't of Consumer Affairs*, 60 F.3d 867, 873-74 (1st Cir. 1995); *Mitchell v. Riegel Textile, Inc.*, 259 F.2d 954, 955 (D.C. Cir. 1958). In addition, "[a] person who has been unjustly deprived of his property or its value may be entitled to maintain an action for restitution against another although the other has not in fact been enriched thereby." *Citronelle-Mobile Gathering, Inc. v. Herrington*, 826 F.2d 16, 27 (Temp. Emer. Ct. App. 1987) (quoting Restatement of Restitution § 1, cmt. e).

The Seventh Circuit had not yet determined whether restitution is available to parties in the absence of an injunction bond, but it has indicated restitution *may* be available. "Another exception [to the rule limiting damages to an injunction bond] *might* be where the plaintiff was seeking restitution rather than damages . . . ." *Coyne*, 717 F.2d at 393 (emphasis added). Under

4

these circumstances, it would be improper to either grant or deny United's Motion to Dismiss without further briefing on this issue and reconsideration of the merits of the appeal, if necessary.

## CONCLUSION

For the foregoing reasons, State Street's Motion for Rehearing is granted. The parties are granted leave to file supplemental briefs pursuant to a schedule to be set by the Court.

Dated: November 13, 2003

JOHN W. DARRAH
United States District Judge