Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2328 | **DATE** | 4/8/2004 |
| **CASE TITLE** | State Street Bank & Trust Co vs. UAL Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, United's motion to dismiss State Street's appeal due to mootness is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 4-9-04 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | 6~1 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STATE STREET BANK AND TRUST COMPANY, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>UAL CORPORATION, )<br>)<br>Appellee. ) | APR 0 9 2004<br><br>Case No. 03 C 2328<br><br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an order of the bankruptcy court on February 21, 2003, by State Street Bank and Trust Company ("State Street"). Now before the Court is United's Motion to Dismiss State Street's Appeal Due to Mootness. For the reasons that follow, that motion is denied.

## LEGAL STANDARD

Cases are moot when there is no live case or controversy. *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). There must be a live case or controversy from beginning of the suit to the end. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1999). "If a case becomes moot while on appeal, this [C]ourt loses its jurisdiction to decide the merits of the action." *Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Nathan R.*, 199 F.3d 377, 380-81 (7th Cir. 2000).

23

## BACKGROUND

A more detailed explanation of the facts is set out in the Court's November 14, 2003 or August 18, 2003 Memorandum Opinions and Order in this case. *State Street Bank & Trust Co. v. UAL Corp.*, 2003 WL 22697361 (N.D. Ill. Nov. 14, 2003); *State Street Bank & Trust Co. v. UAL Corp.*, 2003 WL 21995188 (N.D. Ill. Aug. 18, 2003).

## ANALYSIS

State Street has received the specific relief prayed for, namely, the capacity to dispose of the balance of the stock held in the ESOP trust. However, State Street argues that it is still entitled to restitution if the trading suspension injunction was erroneously entered. State Street could not obtain damages from an injunction bond because, under Bankruptcy Rule 7065, United was not required to post an injunction bond.

Generally, an injunction "bond is the limit of *damages* the defendant can obtain for a wrongful injunction, even from the plaintiff, provided the plaintiff was acting in good faith." *Coyne-Delaney Co. v. Capital Dev. Bd.*, 717 F.2d 385, 393 (7th Cir. 1983) (citation omitted) ("*Coyne*"). The Seventh Circuit has not yet determined whether restitution is available to parties in the absence of an injunction bond, but it has indicated restitution may be available. "Another exception [to the rule limiting damages to an injunction bond] might be where the plaintiff was seeking restitution rather than damages . . . ." *Coyne*, 717 F.2d at 393.

Moreover, other courts have considered allowing parties injured by an erroneously entered injunction to receive restitution under the proper circumstances. *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 873-74 (1st Cir. 1995) (*Texaco*); *Mitchell v. Riegel Textile, Inc.*, 259 F.2d 954, 955 (D.C. Cir. 1958). The rationale behind these decisions is

2

"that a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby." *Texaco*, 60 F.3d at 873 (quoting *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 145 (1919)). The *Texaco* court also stressed that restitution is an equitable remedy, and a claimant will only prevail if it would "offend 'equity and good conscience' if the other party is permitted to retain the disputed funds." *Texaco*, 60 F.3d at 874 (quoting *Atl. Coast Line R.R. Co. v. Florida*, 295 U.S. 301, 309 (1935)).

United contends that even if restitution could be granted for an erroneously entered injunction, restitution would not be proper because it received nothing from State Street as a result of the trading suspension injunction, to the possible detriment of State Street. However, both the Restatement of Restitution and the case law explains that State Street could receive restitution if United avoided a loss because of the trading suspension injunction. "The *Restatement of Restitution* offers a national standard for the common law parallel to the national statutory benchmark of the UCC." *Gen. Elec. Capital Corp. v. Cent. Bank*, 49 F.3d 280, 285 (7th Cir. 1995) (Easterbrook, J.). Although state law controls in bankruptcy proceedings when those laws do not conflict with Congressionally enacted bankruptcy laws, *Butner v. United States*, 440 U.S. 48, 54 n.9 (1979), Illinois courts have recognized the applicability of the Restatement of Restitution as well. *See Smithberg v. Illinois Mun. Ret. Fund*, 735 N.E.2d 560, 565 (2000) (citing Restatement of Restitution in discussion of constructive trusts); *F.H. Prince & Co. v. Towers Fin. Corp.*, 656 N.E.2d 142, 151 (Ill. App. Ct. 1995) (applying § 1 of the Restatement of Restitution).

Under the Restatement of Restitution, "[a] person is enriched if he has received a benefit." Restatement of Restitution § 1, cmt. a. A benefit is conferred "not only where he adds the property of another, but also where he saves the other from expense or loss." Restatement of Restitution § 1, cmt. b. Under the Restatement of Restitution view, any loss United avoided by protecting its Net Operating Losses ("NOL") with the trading suspension injunction is a benefit.

The case law supports this position as well. "[W]hat the concept of unjust enrichment and its remedial corollary restitution do encompass, was to recover a 'negative unjust enrichment,' consisting of the unjust avoidance of a loss." *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994) (citations omitted) (Posner, J.); *see also Citronelle-Mobile Gathering, Inc. v. Herrington*, 826 F.2d 16, 27 (Temp. Emer. Ct. App. 1987) ("*Citronelle*") ("A person who has been unjustly deprived of his property or its value may be entitled to maintain an action for restitution against another although the other has not in fact been enriched thereby.") (quoting Restatement of Restitution § 1, cmt. c).

In this case, if it is determined the bankruptcy court erroneously entered the trading suspension injunction, United may have unjustly received a benefit at the expense of State Street. United's benefit was protecting its NOL, worth almost $6 billion, with a present value of over $1 billion to United's bankruptcy estate. United was thus able to avoid a loss by preventing State Street from selling the shares in the ESOP.

State Street, on the other hand, may have been injured and incurred damages as a result of being prevented from selling the shares it held December 11, 2002, the date of the bankruptcy court interim order, until June 27, 2003, when the IRS issued the new treasury regulation which allowed State Street to sell the shares.

4

Finally, United argues that State Street cannot accurately quantify the benefit that United received from the NOL because United will not receive those benefits until some future date. However, "restitution can also serve to restore the status quo." *Citronelle*, 826 F.2d at 27 (internal quotations omitted) (citations omitted).

Under these circumstances, the case is not moot. A live controversy exists between the parties based on State Street's claim for restitution. United's motion to dismiss State Street's appeal due to mootness is denied.

Dated: April 8, 2004

JOHN W. DARRAH
United States District Judge